IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADDICTING INFO ENTERPRISES, LLC., | ) | |
| | ) | |
|     Plaintiff and Counter-Defendant, | ) ) | |
| | ) | |
|     vs. | ) | No. 16 C 5176 |
| | ) | |
| LEAH FARLEY, | ) | Judge Elaine E. Bucklo |
| | ) | |
|     Defendant, Counter-Plaintiff, and Third-Party Claimant, | ) ) ) | Magistrate Judge Susan E. Cox |
| | ) | |
|     vs. | ) | JURY DEMANDED |
| | ) | |
| DANIEL GOULDMAN and MATTHEW HANSON, | ) ) | |
| | ) | |
|     Third-Party Defendants. | ) | |

**ANSWER, COUNTERCLAIM AND
THIRD-PARTY CLAIM**

Now comes LEAH FARLEY, Defendant herein, and in response to the Complaint herein, states as follows:

    1.    Plaintiff ADDICTING INFO ENTERPRISES, LLC ("Addicting Info") is a Limited Liability Company with offices at 353 N. Des Plaines Ave., Unit 1810, Chicago, IL 60661 and 1531 Linden Cir., Lemont, IL 60439.

    **RESPONSE: Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1.**

    2.    Defendant LEAH FARLEY ("Defendant") is a citizen of New Hampshire who resides at 2101 S. Delaware Avenue, Glen, NH 03838.

    **RESPONSE: Deny. Defendant affirmatively states that she was a citizen of New Hampshire at the time this suit was removed and is now a citizen of Kansas.**

    3.    Jurisdiction and venue are proper as this cause of action arises from property owned by an Illinois Limited Liability Company and the execution and performance of a contract which partially occurred in Cook County, Illinois.

**RESPONSE: Denies that any property at issue is owned by an Illinois Limited Liability Company. Defendant affirmatively states that this Court has jurisdiction over the subject matter by virtue of the diversity of citizenship of the parties thereto and the amount in controversy exceeding $75,000, exclusive of interest and costs.**

4. Addicting Info is an Illinois Limited Liability Company which owns and operates several websites which primarily post political content.

**RESPONSE: Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4.**

5. Those websites each derive ad revenue through third-party internet advertising entities, including Adwords and Adsense.

**RESPONSE: Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5.**

6. Addicting Info is owned and operated by Daniel Gouldman ("Gouldman") and Matthew Hanson ("Hanson").

**RESPONSE: Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6.**

7. In or around September of 2014, Gouldman and Hanson had discussions about the creation of an additional website devoted to the posting of political content.

**RESPONSE: Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7.**

8. In furtherance thereof, on September 19, 2014, Hanson purchased the domain name "ifyouonlynews.com" on behalf of Addicting Info.

**RESPONSE: Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8.**

9. On September 27, 2014, Addicting Info engaged the Defendant to manage the day to day operations of ifyouonlynews.com and to perform other services for other areas of Addicting Info's operations.

**RESPONSE: Denies. Affirmatively states that Defendant became a partner with Daniel Gouldman and Matthew Hanson and that partnership was to conduct certain business.**

10. In conjunction with the engagement, the Parties executed an Agreement ("the Agreement"). See Agreement, attached hereto as Exhibit "1."

**RESPONSE: Admits that the copy of Exhibit "1" is a true and accurate copy of an original document and denies all other allegations or inferences drawn therefrom in paragraph 10.**

11. Under the terms of the Agreement, the Defendant was obligated to manage the "day to day operations" of ifyouonlynews.com. See Exhibit "1" at ¶ 2a.

**RESPONSE: States that Exhibit "1" speaks for itself and denies the remaining allegations in paragraph 11. Answering further, Defendant affirmatively asserts that throughout its complaint Plaintiff attempts by use of the word "website" to conflate ownership of the domain name, commonly known as a URL (uniform resource locator) or web address, with ownership of the business which operated under such domain name. As to the latter Defendant was the owner of a partnership interest in a partnership established to operate such business and Daniel Gouldman and Matthew Hanson were also partners in such partnership. Defendant does not assert any ownership interest in the URL "ifyouonlynews.com" itself except that she had the right to use the URL in order to conduct business under the URL. For the avoidance of doubt, Defendant will treat any allegation relating to a "website" or to "inyouonlynews.com" as referring exclusively to the business conducted under the URL ifyouonlynews.com (hereafter the "URL") and not to the URL itself.**

12. In that capacity, the Defendant was responsible for managing the website's writers and optimizing ad revenues from Google Adsense.

**RESPONSE: States that Exhibit "1" speaks for itself and denies the remaining allegations in paragraph 12; affirmatively states that as an owner of a partnership interest in the partnership formed to operate a business under the URL she managed the operations of such business, including optimizing advertising revenues from Google Adsense.**

13. With regard to ownership, the Parties specifically agreed that "the website and all social media platforms will be considered a subsidiary of Addicting Info Enterprises LLC and all administrative access rights will be maintained by the members of the company – Daniel and Matthew." See Exhibit "1" at ¶ 2e.

**RESPONSE: States that Exhibit "1" speaks for itself and denies the remaining allegations in paragraph 13; affirmatively states that Defendant was an owner of a partnership interest in the partnership formed to operate a business under the URL.**

14. Similarly, with regard to responsibility for the website's expenses and management of its finances, the Agreement made clear that Addicting Info had full responsibility for all expenses and full control over all financial transactions. See Exhibit "1" at ¶¶ 2c & 2e.

**RESPONSE: States that Exhibit "1" speaks for itself and denies the remaining allegations in paragraph 14; affirmatively states that Defendant was as an owner of a partnership interest in the partnership formed to operate the business under the URL**

15. During the entire course of her engagement, ifyouonlynews.com never operated as a separate entity or business and Defendant never had access to any bank account associated with the website of Addicting Info.

**RESPONSE: Admits that Defendant was not a signatory on any bank account on which Daniel Gouldman or Matthew Hanson was a signatory; denies the remaining allegations of paragraph 15.**

16. The Parties never formed a new limited liability company, corporation, partnership, or other entity with ownership rights over ifyouonlynews.com.

**RESPONSE: Lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16.**

17. The Defendant never contributed financially to the startup or ongoing expenses of ifyouonlynews.com.

**RESPONSE: Deny.**

18. Instead, she was simply paid compensation pursuant to the terms of the Agreement and received a 1099 form for the years 2014 and 2015 which reflected that she was being paid as an independent contractor rather than as an owner.

**RESPONSE: Admits that Defendant received a form 1099 for the years 2014 and 2015; and denies the remaining allegations of paragraph 18.**

19. The Defendant never objected to receiving a 1099 or otherwise claimed that her tax forms should reflect an ownership interest in ifyouonlynews.com.

**RESPONSE: Deny.**

20. During the course of her engagement, the Defendant confirmed on several occasions that she was not an owner of ifyouonlynews.com. See Facebook Postings dated December 29, 2015, September 16, 2015, and September 17, 2015, attached hereto as Exhibit "2."

**RESPONSE: States that Exhibit "2" speaks for itself and denies the remaining allegations of paragraph 20; affirmatively states that Defendant never asserted any ownership interest in the URL itself but was an owner of a partnership interest in the partnership formed to operate a business under the URL**

21. In January of 2016, Gouldman and Hanson learned that the Defendant had disclosed proprietary information of ifyouonlynews.com without authorization to a third party.

**RESPONSE: Deny.**

22. When confronted regarding the unauthorized disclosure, the Defendant acknowledged that she had improperly disclosed proprietary information of ifyouonlynews.com without authorization.

**RESPONSE: Deny.**

	23.	Accordingly, on February 1, 2016, Addicting Info terminated its contract with the Defendant. See Facebook Posting dated February 1, 2016, attached hereto as Exhibit "3."

		**RESPONSE: Denies the allegations of paragraph 23 and each of them; affirmatively states that Plaintiffs wrongfully prevented Defendant from performing her duties as a partner in the partnership formed to conduct business under the URL and preventing her from managing such business, and have refused to honor Defendant's ownership of a partnership interest in the partnership formed to operate the business under the URL Defendant affirmatively states that she managed the business successfully and took no action adverse to the interests of the partnership.**

	24.	The Defendant acknowledged the termination and agreed to return any files and logins to Addicting Info so that day to day management of ifyouonlynews.com could revert to Gouldman and Hanson's control while they located a suitable replacement for the Defendant. See Exhibit "3."

		**RESPONSE: Deny.**

	25.	Addicting Info paid the Defendant all compensation owed under the terms of the Agreement.

		**RESPONSE: Deny.**

	26.	Thereafter, the Defendant continued to submit articles for other websites owned by Addicting Info, Gouldman, and Hanson.

		**RESPONSE: Admit that Defendant attempted to mitigate the damages caused by the wrongful conduct of Plaintiff, Gouldman and Hanson and to that end she submitted articles for use in URLs other than the URL.**

	27.	During the term of her engagement and at the time of her termination, the Defendant never claimed that she was an owner of ifyouonlynews.com or any of its social media platforms.

		**RESPONSE: Admit that Defendant never claimed an ownership of the URL, denies the remaining allegations, and affirmatively states that she was an owner of a partnership interest in the partnership formed to operate the business under the URL**

	28.	Despite the foregoing, on or about March 31, 2016, the Defendant claimed that she is the sole owner of ifyouonlynews.com and any intellectual property associated with the site.

		**RESPONSE: Defendant is the sole owner of all copyrightable materials which she created and/or authored was used in connection with the business conducted under the URL. Defendant does not claim any ownership interest in the URL.**

\n

29. Based upon that assertion, the Defendant claims she is entitled to: 1) 30% of all profits generated by ifyouonlynews.com prior to February 1, 2016; 2) all profits generated by ifyouonlynews.com since February 1, 2016; and 3) the immediate transfer of ifyouonlynews.com, its Facebook page, and any related intellectual property to her control and possession.

**RESPONSE: Defendant is an owner of a partnership interest in the partnership formed to operate the business under the URL business; is the sole owner of all copyrightable material which she created or authored which is used in the business conducted under the URL, and is entitled to the full protection of her rights in such ownership interests.**

30. Plaintiffs repeat and reallege Paragraphs 1 through 29 as if fully set forth herein.

**RESPONSE: Defendant repeats her responses to paragraphs 1 through 29 of the Complaint.**

31. At all relevant times, Addicting Info was and is the owner of ifyouonlynews.com, all related social media platforms, and all related intellectual property.

**RESPONSE: Deny.**

32. Under the terms of the Agreement, the Defendant agreed that Addicting Info was and is the owner of ifyouonlynews.com, all related social media platforms, and all related intellectual property.

**RESPONSE: Deny.**

33. Prior to March of 2016, the Defendant never claimed an ownership interest in ifyouonlynews.com, any related social media platforms, and any related intellectual property.

**RESPONSE: Deny.**

34. Nevertheless, the Defendant now claims that she is the sole owner of ifyouonlynews.com and any related intellectual property. Furthermore, she has demanded control over the website, its Facebook page, and all profits associated with the website.

**RESPONSE: Deny. Defendant has claimed her ownership of a partnership interest in the partnership formed to operate the business under the URL and in all copyrightable works which she created or authored which is used in connection with the business conducted under the URL.**

35. Thus, an actual controversy exists between the Parties regarding the issues set forth herein.

**RESPONSE: Admits that an actual controversy exists, but only by virtue of Plaintiff's wrongful acts.**

36. This Court is empowered, pursuant to 735 ILCS 5/2-701, to declare whether the Defendant holds any ownership or other interest in ifyouonlynews.com, its social media platforms, and any related intellectual property.

**RESPONSE: Paragraph 36 is not applicable to a claim pending in the United States District Court for the Northern District of Illinois.**

37. Addicting Info is entitled to declaratory relief, as requested below.

**RESPONSE: Deny.**

WHEREFORE, Defendant LEAH FARLEY prays that judgment be entered in Defendant's favor, together with costs, reasonable attorneys, and such other relief as this Court deems meet and just.

## COUNTERCLAIM AND THIRD PARTY CLAIM

Now comes LEAH FARLEY, Counterplaintiff and Third-party claimant herein, and complaining of ADDICTING INFO ENTERPRISES, LLC, Counterdefenant herein; and DANIEL GOULDMAN, and MATTHEW HANSON, Third-party Defendants herein, states as follows:

1. Counterplaintiff and Third-Party Claimant LEAH FARLEY ("FARLEY") is a citizen of Kansas.

2. Counterdefendant ADDICTING INFO ENTERPRISES, LLC ("ADDICTING INFO") is an Illinois Limited Liability Company with the headquarters in the Northern District of Illinois.

3. Third-party Defendant DANIEL GOULDMAN ('GOULDMAN") is a citizen of Illinois residing in the Northern District of Illinois.

4. Third-party Defendant MATTHEW HANSON ("HANSON") is a citizen of Illinois residing in the Northern District of Illinois.

5.     This Court has jurisdiction over this Counterclaim and Third-Party Claim pursuant to 28 U.S.C. §1332; 17 U.S.C. §§501-502 and 504-505; and Rules 13(a) and 18 of the Federal Rules of Civil Procedure.

6.     On or about September 27, 2014, FARLEY entered into an agreement (the "Agreement") with GOULDMAN and HANSON. A true and accurate copy of the Agreement is attached as Exhibit "1" to the Complaint herein. Under the Agreement and pursuant to extensive discussions and oral agreements both before and after the date of the Agreement, a partnership was formed by and between FARLEY, ADDICTING INFO, GOULDMAN and HANSON to operate a business under the internet domain name ""ifyouonlynews.com" (hereafter "the URL"). FARLEY's duties under the partnership included, *inter alia,* the operation of a business under the URL and taking actions to optimize revenue from Google Adsense arising from such business. Google Adense is a program under which revenue is earned by a URL for "click through" purchases from Google sourced advertisements displayed on the website. The partner's compensation for their efforts is set forth in the Agreement.

5.     FARLEY performed all of her obligations as a partner and the business conducted by the partnership under the URL was successful and produced substantial revenues solely as a result of her efforts.

6.     FARLEY furthered the value of the business conducted by the partnership by developed the design concept, accomplished all of the advertising optimization, contracted with all content providers, and paid thirty percent (30%) of all advertising and overhead costs for 16 months.

7.     FARLEY has never been an employee of ADDICTING INFO, GOULDMAN or HANSON and she never signed a work for hire agreement with any party relating to content created for use with the URL.

8. On or about April 26, 2016, ADDICTING INFO, GOULDMAN and HANSON terminated FARLEY's status as the URL's administrator with Facebook and tool similar actions, effectively preventing FARLEY from performing under the partnership.

## COUNT I

9. The Agreement formed a partnership under the Illinois Uniform Partnership Act.

10. The unilateral actions of ADDICTING INFO, GOULDMAN and HANSON terminating the partnership created to conduct business under the URL. Despite such termination ADDICTING INFO, GOULDMAN and HANSON had and still have a fiduciary duty to FARLEY to wind up the partnership under the provisions of the Illinois Uniform Partnership Act and to perform such other acts as are required of a fiduciary.

11. ADDICTING INFO, GOULDMAN and HANSON, and each of them, has failed and refused to wind up the partnership or to perform their fiduciary duties to FARLEY.

WHEREFORE, LEAH FARLEY prays that this Honorable Court: (i) Order ADDICTINFO, GOULDMAN and HANSON, and each of them, to take such actions under the Illinois Uniform Partnership Act as are necessary to wind up the affairs of the partnership; and (ii) award FARLEY such damages and other relief as is necessary to place her in the position she would have occupied had ADDICTING INFO, GOULDMAN and HANSON properly fulfilled their fiduciary duties to her.

## COUNT II

12. Paragraphs 1 through 11 of Count I above are realleged as paragraphs 1 through 11 of Count II.

13. Under the Copyright Act, FARLEY is the author and creator of all copyrightable content created or authored by her and used in connection with the business operated under the URL.

9

14. FARLEY is the owner of all such copyrightable content. On March 7, 2016, FARLEY filed with United States Copyright Office an application for registration of such copyrightable content which application is presently pending. When the application is granted, it will be retroactive to March 7, 2016.

15. ADDICTING INFO, GOULDMAN and HANSON have been using FARLEY's copyrighted content without FARLEY's consent, thereby infringing her rights under the Copyright Act.

16. FARLEY is entitled to an injunction preventing ADDICTING INFO, GOULDMAN and HANSON from using her copyrighted content. Further, FARLEY is entitled to damages for such infringement from ADDICTING INFO, GOULDMAN and HANSON, and each of them, including statutory damages as provided by law.

WHEREFORE, LEAH FARLEY prays for (i) a declaration that she is the owner of all copyrightable material used in connection with the partnership and (ii) an award damages against the Counterdefendant and the Third-Party Defendants for infringement of the same, including reasonable attorneys fees and costs.

JURY IS DEMANDED OF ALL ISSUES SO TRIABLE.

/s/Paul F Stack
Attorney for Leah Farley

STACK & O'CONNOR CHARTERED
1 Riverside Road
Riverside, IL 60546
312-782-0690
pstack@stacklaw.com